# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIE RAY GREEN, | ) |
|       Plaintiff, | ) |
| v. | )    Case No. CIV-11-1378-R |
| MARTY SIRMONS, *et al.*, | ) |
|       Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983. In his Complaint, Plaintiff alleges violations of his constitutional rights. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

Plaintiff presents a litany of claims challenging the conditions of his confinement at the Davis Correctional Facility (DCF) and the Oklahoma State Penitentiary (OSP). Plaintiff contends that certain defendants have conspired to violate his constitutional rights. Among other things, Plaintiff alleges that he was beaten and that certain defendants did not provide a safe and secure environment. Complaint, p. 33. He further contends that a nurse refused medical care, thus exhibiting deliberate indifference to his serious medical needs. Complaint, p. 35. An initial review of the complaint has been conducted pursuant to 28 U.S.C. § 1915A and 1915 (pertaining to *in forma pauperis* actions). For the following reasons, it is recommended that the claims against Defendants Jones, Morton, Henniger, the Attorney General, and the individual members of the "State Board of Corrections" be dismissed *sua*

*sponte* for failure to state a claim upon which relief may be granted. It is further recommended that the action against the remaining Defendants be transferred to the United States District Court for the Eastern District of Oklahoma.

**Standard for Initial Screening**

Pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), dismissal of a complaint is proper for failure to state a claim upon which relief may be granted. As with a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In addition, because Plaintiff is proceeding *pro se*, his complaint must be construed liberally. *Id*. at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Instead, as the United States Supreme Court has explained:

> To survive [dismissal], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 678 (citation and internal quotations omitted).

**Analysis**

Plaintiff identifies Defendant Justin Jones as a citizen of Oklahoma City, Oklahoma, and the "Director of DOC Prisons." Plaintiff contends that it is Defendant Jones' duty "to supervise, train, discipline & admonish his employees & to provide a safe & secure environment for both employees and inmates."[1] Complaint, p. 1. Jones is also identified together with 11 other Defendants as members of the "Executive Staff of the State Board of Corrections for Department of Corrections." Complaint, p. 6.

Defendant Debbie Morton is identified as a citizen of Oklahoma City, Oklahoma, and she holds the position of the Director's Designee for handling grievance appeals. Plaintiff states that she is "placed in position of authority to handle all affairs concerning complaints on Prison Officials from inmates by way of grievance procedure and to enforce DOC policies and resolve the issues so that no constitutional laws are violated so that no court becomes involved." Complaint, p. 2.

Plaintiff identifies Defendant Henniger as a citizen of Nashville, Tennessee, and as the President and CEO of Corrections Corporation of America (CCA). Plaintiff contends that Defendant Henniger has a duty to enforce safety measures at facilities operated by CCA to prevent inmates from being harmed. Complaint, p. 6.

---

[1] Unless otherwise indicated, quotations in this report are reproduced verbatim.

Defendant Attorney General of the State of Oklahoma is identified as a citizen of Oklahoma City. Complaint, p. 6. According to Plaintiff, this defendant "failed in his duty" to provide inmates with a law library and security measures. *Id.*

Plaintiff identifies Defendants Justin Jones, Ed Evans, Linda Parrish, Kerry Holloway, Sharon Neumann, Reginald Hines, Joyce Jackson, Johnnie Blevins, Elvin Baum, Michael T. Oakley, Pam Ramsey and Neville Massie, all citizens of Oklahoma City, as the Executive Staff of the State Board of Oklahoma Department of Corrections. Complaint, p. 6. He states that these defendants are responsible for contracting for security, for providing educational programs, and for providing food, clothing and medical care. *Id.*

Plaintiff has not asserted specific claims against any of the aforementioned defendants. Rather, it appears that Plaintiff is attempting to sue these defendants based solely on vicarious liability or their supervisory duties.

The Supreme Court recently outlined pleading requirements necessary to state a claim in a civil rights action against a government official based on supervisory liability:

> Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the officials own individual actions, has violated the Constitution.

*Ashcroft v. Iqbal*, at 663.[2] Tenth Circuit law is consistent with *Iqbal*. It has long been the law in this circuit that § 1983 does not allow a plaintiff to hold an individual government

---

[2] In *Iqbal*, the Plaintiff's claims were based on the actions of federal officials. The claims were, therefore, brought pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). The Supreme Court noted, however, that the same principles apply to civil rights actions brought pursuant to § 1983.

4

official liable "'under a theory of respondeat superior.'" *Dodds v. Richardson*, 614 F.3d 1185, 1194-1196 (10th Cir. 2010) (*quoting Gagan v. Norton*, 35 F.3d 1473, 1476 n. 4 (10th Cir. 1994)). *See also Poolaw v. Marcantel*, 565 F.3d 721, 732 (10th Cir. 2009) ("[A] supervisory relationship alone is insufficient for liability under § 1983."). The Tenth Circuit has held that "[s]upervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights." *Serna v. Colorado Dept. of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006). "[W]hen a plaintiff sues an official under . . . § 1983 for conduct 'arising from his or her superintendent responsibilities,' the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well." *Dodds v. Richardson*, 614 F.3d at 1198 (*quoting Iqbal*).

Plaintiff has alleged no facts which demonstrate a plausible claim that any of these Defendants, through his or her own individual conduct and with the requisite state of mind, violated Plaintiff's constitutional rights. Plaintiff has, therefore, failed to state a claim upon which relief may be granted as to the defendants identified above, and the claims against these defendants should be dismissed.[3]

**Venue**

---

[3]The Court notes that to the extent that the Oklahoma City Defendants are being sued in their official capacities as employees of the State of Oklahoma, the claims are construed as claims against the State and are thus barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 165-68 (1985) (a suit against an individual acting in an official capacity is properly treated as a suit against the state itself and is barred under the Eleventh Amendment).

5

With the recommended dismissal of Defendants Jones, Morton, Henniger, Attorney General, Evans, Parrish, Holloway, Neumann, Hines, Jackson, Blevins, Baum, Oakley, Ramsey and Massie, none of the remaining Defendants reside within the jurisdictional confines of the United States District Court for the Western District of Oklahoma. Plaintiff is currently confined at DCF in Holdenville, Hughes County, Oklahoma, which is located within the jurisdictional confines of the United States District Court for the Eastern District of Oklahoma. 28 U.S.C. § 116(b). All of the claims asserted in the Complaint arose out of incidents at DCF or at OSP in McAlester, Pittsburg County, Oklahoma, which is also located in the Eastern District of Oklahoma.[4] *Id.* The remaining defendants are identified as employees working at either OSP or DCF. In his response to this Court's Order to Show Cause why this action should not be transferred to the United States District Court for the Eastern District of Oklahoma [Doc. No. 12], Plaintiff objects to the transfer, asserting only that some of the original defendants live within the jurisdictional confines of the United States District Court for the Western District of Oklahoma. With the dismissal of claims against these defendants, the Eastern District of Oklahoma is a more convenient and less expensive forum for the remaining parties and for any witnesses. It would therefore be in the interest of justice to transfer the case to the Eastern District. It is recommended that this

---

[4]Plaintiff filed his Complaint on November 18, 2011. Many of Plaintiff's claims appear to be barred by the two-year statute of limitations applicable to civil rights actions. *See Meade v. Grubbs*, 841 F.2d 1512, 1524 (10th Cir. 1988) (period of limitations for civil rights claims is governed by Oklahoma's two-year limitation period for personal injury actions).

case be transferred to the United States District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1404.

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the foregoing reasons, it is the recommendation of the undersigned Magistrate Judge that the claims against Defendants Jones, Morton, Henniger, Attorney General, Evans, Parrish, Holloway, Neumann, Hines, Jackson, Blevins, Baum, Oakley, Ramsey and Massie be dismissed *sua sponte* for failure to state a claim upon which relief may be granted. It is further recommended that this case be transferred to the United States District Court for the Eastern District of Oklahoma.

Plaintiff is advised of his right to object to this Report and Recommendation by the 16th day of May, 2012 in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 26th day of April, 2012.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE