# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIE RAY GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-11-1378-R |
| | ) | |
| MARTY SIRMONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and other federal laws, alleging violation of his constitutional rights with regard to his confinement. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Bana Roberts for preliminary review. On April 26, 2012, Judge Roberts issued a Report and Recommendation, wherein she recommended that certain of Plaintiff's claims be dismissed *sua sponte* for failure to state a claim, and further recommended that the remaining claims be transferred to the United States District Court for the Eastern District of Oklahoma.

Plaintiff alleges that he was subjected to the unconstitutional use of excessive force in September 2008 at the hands of certain Defendants while incarcerated at the Oklahoma State Penitentiary. He further alleges that in 2009 he was transferred to the Davis Correctional Facility, a supermax facility, where he was beaten by inmates. He argues that he was removed from protective custody at Oklahoma State Penitentiary and transferred to a facility that lacked protective custody as a result of decisions made by one or more of the Defendants. Judge Roberts recommended dismissal of the claims against Defendants Justin

Jones, Debbie Morton, Defendant Henniger, CEO of Corrections Corporation of America, the Attorney General and the individual members of the State Board of Corrections because Plaintiff had failed to allege sufficient personal participation in the alleged violation of his rights. Plaintiff objected to the recommendation, asserting that he has alleged sufficient facts to support his contentions. The Court has reviewed the 61-page complaint and the objection to the Report and Recommendation and agrees with Judge Roberts that Plaintiff has failed to allege claims against certain Defendants. Although Plaintiff correctly notes that the Court must accept well-pleaded allegations as true, the Court is not required to accept conclusory allegations, many of which are contained in the complaint.

Plaintiff alleges in part that Defendant Jones failed to discipline, train and/or supervise employees of the Department of Corrections. The Supreme Court has noted that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotation marks and citation omitted). Plaintiff's conclusory allegations that Defendant Jones failed to train are grounded on nothing more than speculation, which does not state a claim against Defendant Jones upon which relief can be granted. *See also Whitington v. Ortiz*, 307 Fed. Appx. 179, 191 (10th Cir. Jan.13, 2009)(finding that conclusory allegations of the failure of the director of the Colorado Department of Corrections to train corrections personal did not sufficiently allege the requisite personal participation by the director). His contention that Defendant Jones permitted Plaintiff to be transferred in the face of danger are conclusory allegations and there

2

is no allegation that Mr. Jones was directly involved in the decision to transfer Plaintiff.

With regard to Defendant Morton, Plaintiff's allegations that she improperly denied grievances because they were not, in her opinion, emergencies, are not actionable. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)("denial of a grievance, by itself without any connection to the violation of constitutional rights allegd by Plaintiff does not establish personal participation"). Additionally, to the extent Plaintiff complains about her involvement in his transfer between facilities or from protective custody to the general population, he has failed to allege that she played any role in the decision regarding where he was housed or that such decision was within the scope of her role as designee. Accordingly, Defendant Morton is entitled to dismissal.

With regard to the Oklahoma Board of Corrections, the Court finds that Judge Roberts was correct in recommending dismissal. First, the Court notes that Plaintiff alleges his claims are individual capacity claims, but he has not named any member of the Board by his or her name. Second, Plaintiff has not identified any particular policy established by the Board that allegedly violated his constitutional rights or alleged that in promulgating such policy the Board members had any knowledge of Plaintiff or his situation. Accordingly, Plaintiff's claims against the Oklahoma Board of Corrections are subject to dismissal.

Plaintiff also seeks relief from the Attorney General. The Complaint does not specify whether the claims are against the former or current attorney general, and Plaintiff's claims cover periods both before and after the election of the current office-holder. Regardless, the complaint contains no allegations against either the current or former office holder sufficient

3

to state a claim because he fails to allege how the Attorney General was involved in either his transfer from segregation to general population, his transfer to a private prison, the alleged assaults or the allegedly inadequate law library, and accordingly, the Report and Recommendation is adopted with regard to the claims against the attorney general.

With regard to Defendant Henniger, the CEO of Corrections Corporation of America, the Court finds nothing but conclusory allegations, insufficient to state a claim for the alleged violation of Plaintiff's constitutional rights, consistent with the Report and Recommendation.

The Court further finds, as recommended by Judge Roberts, that this action should be transferred to the United States District Court for the Eastern District of Oklahoma, the location of both prisons at issue herein. This is especially true in light of the dismissal of all Defendants who are not located in that district.

For the reasons set forth herein, Defendants Jones, Morton, Henninger, the Attorney General and the individual members of the State Board of Corrections are hereby dismissed from this action because Plaintiff has failed to sufficiently allege a claim against these persons. The remainder of this action is hereby transferred to the United States District Court for the Eastern District of Oklahoma. The Report and Recommendation is hereby ADOPTED.

IT IS SO ORDERED this 3rd day of July, 2012.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE