# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIE RAY GREEN, | ) |
| Plaintiff, | ) |
| v. | ) No. CIV-12-295-FHS-SPS |
| MARTY SIRMONS, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

This action is before the court on the defendants' motions to dismiss and plaintiff's motion for temporary restraining order or preliminary injunction. The court has before it for consideration plaintiff's complaint, the parties' motions, and their responses. Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Davis Correctional Facility (DCF) in Holdenville, Oklahoma, brings this action under the authority of 42 U.S.C. §§ 1983, 1985, and 1986, seeking monetary, declaratory, and injunctive relief for alleged constitutional violations during his incarceration at DCF and at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma.

The record indicates plaintiff filed an earlier version of this civil rights action on August 31, 2010, in the Western District of Oklahoma, alleging his civil rights were violated by officials of Corrections Corporation of America (CCA), DCF, and OSP. *Green v. Sirmons*, No. CIV-10-947-R (W.D. Okla. Dec. 30, 2010). The case was voluntarily dismissed on December 30, 2010. This current lawsuit also commenced in the Western District in Case No. CIV-11-1378-D, on November 18, 2011, and he again raises incidents occurring at OSP and DCF. Before transferring this action to the Eastern District, the Western District court dismissed Defendants Justin Jones, Debbie Morton, Henninger, the Attorney General, and the individual members of the State Board of Corrections for plaintiff's failure to state a claim against those persons. (Docket No. 17 at 4).

On December 10, 2012, the court directed plaintiff to show cause why Defendants W. Jones, William Ward, M. Martin, J. McEntire, M. Battles, D. Fulsom, M. Knight, Nurse Bryant, Jim Keith, Renee Watkins, Sgt. Wiseman, Darl Wilson, and Sada Jones should not be dismissed for plaintiff's failure to serve them within 120 days after filing the complaint, as required by Fed. R. Civ. P. 4(m). (Docket No. 64). Plaintiff's response to the order alleged these defendants were involved in the deprivation of his constitutional rights, and the unserved defendants no longer are employed by OSP or DCF, so he should be allowed a waiver of service. It is plaintiff's responsibility to provide the United States Marshals Service with correct addresses to serve the defendants pursuant to the Federal Rules of Civil Procedure. Here, the court finds plaintiff has failed to show good cause for his failure to serve these defendants, so these unserved defendants are dismissed without prejudice from this action.

The court notes that Defendant Donna Boone also has not been served in this action. Plaintiff alleges that "[a]s private prison contractor, it is Donna Boone's responsibility to provide the Department of Corrections with the following information of any and all inmates transferred to Davis high max Correctional Facility." (Docket No. 1 at 7). This incomplete and conclusory statement clearly fails to state a claim against Defendant Boone, so she also is dismissed from this action.

The remaining defendants are the following OSP officials: Warden Marty Sirmons, Unit Manager Debbie Aldridge, Deputy Warden A. Lightle, Captain Deadmon, Sgt. Larry Long, Sgt. B.Quick, Sgt. J. Price, Sgt. L. Post, Sgt. T. Showalter, Sgt. D. Knight, Sgt. M. Suddith, Lt. Roberts, Warden Randall Workman, Lt. Kennedy, and Medical Director Chester Mason.[1] Deputy Warden Jimmy Martin and Medical Director Kathy Miller are the

---

[1] To the extent the OSP defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against

2

remaining DCF officials.

Plaintiff's 61-page, repetitive complaint with copious exhibits alleges various civil rights violations concerning his incarceration at OSP and DCF. First, he alleges that Defendant OSP Warden Marty Sirmons authorized other OSP defendants to beat him on September 2 and September 4, 2008. OSP medical personnel and other officials allegedly observed the two September attacks, but said plaintiff had no injuries and denied him treatment. He eventually received a medical examination and was diagnosed with bruised ribs.

Plaintiff also complains about the OSP grievance process, his classification and housing assignments, and the alleged deprivation of his legal materials. He has submitted copies of numerous grievances and medical documents dating back to August 2003.

Plaintiff further claims certain OSP defendants failed to protect him when they forced him from protective custody into the general population on May 12, 2009. He subsequently was transferred to the general population at the DCF high max facility on May 22, 2009, allegedly in an attempt to intensify plaintiff's psychological injuries. At DCF, plaintiff allegedly was attacked and seriously injured by his cell partner on May 31, 2009. Plaintiff called for help, and when the pod officer arrived, the cell partner said he would further harm plaintiff, if plaintiff remained in the cell. Plaintiff was removed from the cell and placed in another general population. He claims he requested medical care, but did not receive it.

On June 1, 2009, plaintiff came out of his cell and refused to be forced back into what he believed was a life-threatening situation. He claims he submitted a Request to Staff to DCF Unit Manager Sada Jones, asking why he had not received medical attention. He was taken to medical on June 5, 2009, where he was diagnosed with a scratch on his eye. He requested medical services from June 1, 2009, until August 31, 2010, for pain in his injured eye, but he was not examined by an eye doctor until October 4, 2010. Plaintiff allegedly was

the official's office and not against the official).

advised that the injury was permanent, and he would suffer pain from it for the rest of his life. Plaintiff has submitted numerous Requests to Staff and grievances asking to review his medical file, but the requests were not answered because of his alleged failure to follow the grievance policy.

Plaintiff further asserts that on May 22, 2009, the defendants violated their policy requiring the provision of at least two hours of law library access each week. There is no law library at DCF, and inmates in restricted area are supposed to be visited five days a week, excluding holidays, by a member of the law library staff or an inmate research assistant. On April 22, 2010, he gave Case Manager Grizzle his initial civil complaint for copying. He claims Unit Manager Sada Jones took plaintiff's legal work from Grizzle to advise higher ranking officials of the complaint. On April 24-26, 2010, plaintiff asked to have his legal work returned, but Jones acted as if she knew nothing about it. On April 26 2010, Case Manager Young retrieved plaintiff's civil complaint from Jones' cabinet and apparently returned it to plaintiff. On April 29, 2010, plaintiff gave the complaint to Grizzle and requested she give it to the counselor to make 22 copies. On May 2, 2010, plaintiff was advised that the complaint was in central control, but no copies had been made. On May 3, 2010, plaintiff was told that the complaint could not be located, so he filed a sensitive/emergency grievance to Warden Keith. After numerous grievances, plaintiff was advised he had to completely exhaust his administrative remedies in accordance with the grievance policy. On September 9, 2010, he was placed on grievance restriction.

Plaintiff also alleges that on several occasions DCF Deputy Warden Martin and other DCF officials agreed to place plaintiff in harm's way by forcing him into the general population. Plaintiff contends his placement was preceded by his stating verbally and through the grievance procedure that his life was in danger, and the defendants conspired to conceal their unlawful actions.

**Standard of Review**

To survive a motion to dismiss, a complaint must set forth factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff need not detail factual allegations in the complaint, but must provide the grounds of entitlement to relief, which entails more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When considering a motion to dismiss, courts look to the complaint and those documents attached to or referred to in the complaint, accept as true all allegations contained in the complaint, and draw all reasonable inferences from the pleading in favor of the pleader. *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008); *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). A court, however, is not bound to accept as true a plaintiff's legal assertions. *Iqbal*, 556 U.S. at 678.

Although the court is required to exercise a liberal interpretation of plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not assume the role of advocate for plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id*. With these standards in mind, the court turns to the merits of the defendants' motions.

**Motion to Dismiss by OSP Defendants**

OSP Defendants Debbie Aldridge, Captain Deadmon, Larry Long, B. Quick, J. Price, L. Post, T. Showalter, D. Knight, M. Suddith, Lt. Roberts, Randall Workman, Lt. Kennedy, and Chester Mason have filed a motion to dismiss (Docket No. 77). These defendants

correctly assert that the statute of limitations precludes plaintiff's claims regarding incidents that occurred prior to August 31, 2008, which was two years before the filing of the first lawsuit in the Western District. The statute of limitations for a civil rights cause of action in Oklahoma is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). Oklahoma's saving statute applies when an action is timely commenced but fails not on its merits. A new cause of action can be commenced within one (1) year after such failure, even though the original time limit for filing the action has expired. Okla. Stat. tit. 12 § 100. Because plaintiff's first complaint was dismissed without prejudice on December 30, 2010, his second action, filed on November 18, 2011, was timely. *See Hardin v. Straub*, 490 U.S. 536 (1989) (holding that a state tolling statute applies to the statute of limitations period for a prisoner's civil rights action). However, the court will not consider claims arising before August 31, 2008.

The defendants further allege plaintiff has failed to state a constitutional violation related to his classification or 2009 transfer to DCF, because he has not shown personal participation of the defendants in these claims. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id. See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Regarding plaintiff's claim about his classification and transfer, the court finds plaintiff has no presented factual support that his classification or transfer violated his constitutional rights. It is well settled that there is no constitutional right to incarceration in a particular correctional facility, *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983), and changes in prison security classifications do not implicate Fourteenth Amendment liberty interests. *Meachum v Fano*, 427 U.S. 215 (1976). *See also Twyman v. Crisp*, 584 F.2d 352, 356-57

(10th Cir. 1978) (holding that Department of Corrections' regulations and Oklahoma law regarding intra-state prison transfers and change of security status make such decisions discretionary within general guidelines, and no due process rights exist that give rise to a right to judicial review). Therefore, these claims fail.

Plaintiff also raises claims regarding the grievance process, alleging numerous instances when his Requests to Staff and grievances to prison officials went unanswered. Prison grievance procedures do not "give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam). Therefore, plaintiff cannot state a due process claim based on allegations of an ineffective grievance system.

As for plaintiff's allegation of a conspiracy to endanger his life by placing him into the general population, this claim also must fail. "Allegations of conspiracy may . . . form the basis of a § 1983 claim." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (citation omitted). "However, a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants," and "[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim" *Id.* (quotation omitted). Further, "a deprivation of a constitutional right is essential to proceed under a § 1983 conspiracy claim." *Snell v. Tunnell*, 920 F.2d 673, 701-02 (10th Cir. 1990). Thus, to prevail on such a claim, "a plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights." *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990). Plaintiff has failed to meet his burden on the conspiracy claim.

Although plaintiff has not stated a claim with respect to the above-discussed allegations, the defendants have not addressed all of plaintiff's claims arising at OSP. Therefore, those claims cannot be dismissed at this time.

**Motion to Dismiss by DCF Defendants**

Defendants DCF Medical Director Kathy Miller and DCF Deputy Warden Jimmy Martin also have filed a motion to dismiss, alleging plaintiff failed to properly exhaust the

7

administrative remedies for the claims against them, as required by 42 U.S.C. § 1997e(a) (Docket No. 70).

Plaintiff's claims against Defendants Miller and Martin are not clearly set forth in plaintiff's rambling complaint, but his allegations arising at DCF apparently concern the defendants' alleged disregard for his safety, as evidenced by his placement in DCF's general population upon arrival; an alleged attack by his cell partner on May 31, 2009; the lack of medical treatment for plaintiff's resulting permanent eye injury; his inability to review his medical file, the lack of a law library at DCF; and his inability to make copies. Defendants Miller and Martin allege that although plaintiff has submitted numerous grievances at that facility, none were properly exhausted pursuant to DOC and DCF policy.

Defendants Miller and Martin incorrectly assert that the statute of limitations commenced two years prior to the filing of this complaint on November, 2011. Therefore, they have addressed grievances beginning in November 2009. As discussed above, however, the period from plaintiff's transfer to DCF on May 22, 2009 until November 2009 should have been included in the motion.

The defendants also apparently have submitted to the court all of plaintiff's grievances from November 2009 through August 2010, without distinguishing whether the individual grievances apply to plaintiff's allegations in the complaint. Furthermore, the defendants have not referenced the 58 pages of Exhibit 4 to their motion with regard to the individual grievances. Without specific references, the court will not search the record to determine the merit of the motion. *See Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1246 n.13 (10th Cir. 2003).

Therefore, Defendants Miller and Martin's motion to dismiss is denied without prejudice to filing a proper amended motion within thirty (30) days. The amended motion must address any allegations arising from the time plaintiff arrived at DCF through August 2010 and may not reference or attempt to incorporate material from the first motion to dismiss. The defendants must set forth each grievance that concerns the individual

allegations in plaintiff's complaint and must reference the specific page numbers in any exhibits that concern the individual grievances.

**Temporary Restraining Order or Preliminary Injunction**

Plaintiff requests in his complaint that the court direct the defendants to house him in a single cell and to transfer him from DCF to a medium security facility with an adequate law library. (Docket No. 1 at 57). He claims he was stabbed and cut on four occasions while he was at OSP and is in danger at DCF, because it is a high max facility. *Id*. Plaintiff also asks the court for access to his medical file to obtain information for his lawsuit. *Id*. at 58. In a separate motion for temporary restraining order or preliminary injunction, plaintiff alleges he is being denied typing paper and access to the courts to prepare his case. (Docket No. 81).

"An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 130 S.Ct. 2743, 2761 (2010). Furthermore, to be entitled to injunctive relief, the movant must establish a violation of his constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 377 (1976).

The district court may grant a preliminary injunction if the party seeking it shows that "four equitable factors weigh in favor of the injunction." *Westar Energy v. Lake*, 552 F.3d 1215, 1224 (10th Cir. 2009). The factors are (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest. *Id*.

Here, the court finds plaintiff's requests cannot be granted. His speculative allegation regarding his safety at DCF is based, at least in part, on his prior incarceration at OSP. Further, as set forth above, plaintiff has no constitutional right to incarceration in a particular facility, *Olim*, 461 U.S. at 245, and he has no due process right regarding his security status, *Twyman*, 584 F.2d at 356-57.

Regarding his request for improved access to the courts, plaintiff must demonstrate actual injury to have standing to raise a claim of denial of access to the courts. *Lewis v.*

*Casey*, 518 U.S. 343, 350-51 (1996). "To do so, he must show that any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). Here, plaintiff has not made a showing that he actually is being denied his constitutional right to access the courts. Furthermore, he has not demonstrated that his medical records are relevant to this litigation. Therefore, the court finds plaintiff has failed to meet his burden for obtaining an injunction.

A temporary restraining order is intended to preserve the status quo until the court can rule upon the application for preliminary injunction. Fed. R. Civ. P. 65(b); James Wm. Moore, *Moore's Federal Practice*, § 65.30 (3d ed. 2008). Because the court is adjudicating plaintiff's preliminary injunction request with this order, the court concludes that a temporary restraining order is not necessary. Therefore, plaintiff's application for a temporary restraining order also is denied.

**ACCORDINGLY:**

(1) Defendants W. Jones, William Ward, M. Martin, J. McEntire, M. Battles, D. Fulsom, M. Knight, Nurse Bryant, Jim Keith, Renee Watkins, Sgt. Wiseman, Darl Wilson, and Sada Jones are DISMISSED WITHOUT PREJUDICE for plaintiff's failure to serve them within 120 days after filing the complaint, as required by Fed. R. Civ. P. 4(m).

(2) Defendant Debbie Boone is DISMISSED WITH PREJUDICE for plaintiff's failure to state a claim against her for a violation of his constitutional rights.

(3) The motion to dismiss by Defendants Debbie Aldridge, Captain Deadmon, Larry Long, B. Quick, J. Price, L. Post, T. Showalter, D. Knight, M. Suddith, Lt. Roberts, Randall Workman, Lt. Kennedy, and Chester Mason (Docket No. 77) is GRANTED with respect to plaintiff's claims as set forth above in this Order.

(4) The motion to dismiss by Defendants Kathy Miller and Jimmy Martin (Docket No. 70) is DENIED WITHOUT PREJUDICE with directions for these defendants to file a proper amended motion in accordance with the court's instructions set forth in this Order.

(5) Plaintiff's motions for temporary restraining order or preliminary injunction (Docket No. 1 at 57-58 and Docket No. 81) are DENIED.

DATED this 31st day of March, 2014.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma