# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

WILLIE RAY GREEN, )
                     Plaintiff, )
v. ) No. CIV 12-295-FHS-SPS
MARTY SIRMONS, et al., )
                     Defendants. )

## OPINION AND ORDER

This action is before the court on Defendants Kathy Miller and Jimmy Martin's motion to dismiss (Dkt. 95), and the court's own motion to consider dismissal of plaintiff's claims against these defendants as frivolous pursuant to 28 U.S.C. § 1915. Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Lexington Correctional Center in Lexington, Oklahoma, brought this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at Davis Correctional Facility (DCF) and Oklahoma State Penitentiary (OSP). He has not filed a response to the motion.

As set forth in the court's earlier order dismissing certain defendants (Dkt. 85),

> Plaintiff's claims against Defendants Miller and Martin are not clearly set forth in [his] rambling complaint, but his allegations arising at DCF apparently concern the defendants' alleged disregard for his safety, as evidenced by his placement in DCF's general population upon arrival; an alleged attack by his cell partner on May 31, 2009; the lack of medical treatment for [his] resulting permanent eye injury; [and] his inability to review his medical file . . . .

(Dkt. 85 at 8).

The defendants assert, among other things, that plaintiff has not shown the defendants personally participated in a violation of his constitutional rights. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir.

1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id*. *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

DCF Health Services Administrator Kathy Miller alleges plaintiff has made no assertion that she had any personal knowledge concerning the alleged events of May 31, 2009. Plaintiff claims he requested medical services at various times between June 1, 2009, and August 31, 2010, complaining of pain in one of his eyes, and he was examined by an eye doctor on October 4, 2010. He does not, however, allege he alerted Defendant Miller of his need for medical services or that she denied him medical care. His only assertion about Defendant Miller is that he sent a medical services request to her on July 28, 2009, asking to review his medical file. Plaintiff received a response from the grievance coordinator, stating the grievance coordinator had spoken with Miller about setting an appointment for plaintiff to review his file. Plaintiff does not otherwise indicate that he had any direct contact with Nurse Miller or that she personally participated in any of the incidents of which he complains. Therefore, the court finds Defendant Miller did not personally participate in the alleged constitutional violations.

DCF Defendant Assistant Warden Jimmy Martin asserts he decided, in conjunction with the DOC, to transfer a number of Oklahoma maximum security inmates from OSP to DCF. Plaintiff does not claim Martin had any specific knowledge or direct participation in his cell assignment upon arrival at DCF, or that Martin was involved in the decision to place him in the maximum security general population. Plaintiff also does allege Martin knew he had requested placement in protective custody. Again, plaintiff has not shown the personal participation of the defendant.

**ACCORDINGLY,** Defendants Kathy Miller and Jimmy Martin's motion to dismiss (Dkt. 95) is GRANTED for failure to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6), and Miller and Martin are DISMISSED from this action.

**IT IS SO ORDERED** this 30th day of March, 2015.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma