# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIE RAY GREEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 12-295-FHS-SPS |
| MARTY SIRMONS, et al., | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This action is before the court on Defendants Debbie Aldridge, Art Lightle, Frank Deadmon, Larry Long, Bill Quick, Jerry Price, Leslie Post, Travis Showalter, Dana Knight, Mike Suddith, Vera Roberts, Randall Workman, Terry Kennedy, and Chester Mason's motion for summary judgment. (Dkt. 118). The court previously dismissed the other defendants in orders entered on July 3, 2012 (Dkt. 17), March 31, 2014 (Dkt. 85), and March 30, 2015 (Dkt. 101).

The facts of the case have been fully set out in the earlier orders. Plaintiff alleges that while he was housed at Oklahoma State Penitentiary (OSP), Defendant Sirmons authorized other OSP officials to beat him September 2 and September 4, 2008. He also claims he initially was denied medical treatment for the injuries he sustained on those dates, but he eventually did have a medical examination and was diagnosed with bruised ribs.

**Standard of Review**

The defendants have moved the court for summary judgment. Having moved for summary judgment in their favor, the movants are required to show the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

Summary judgment is not appropriate if there exists a genuine material factual issue such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51 (1986). Plaintiff, as "the nonmoving party may not rest on [his] pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which [he] carries the burden of proof." *Applied Genetics Int'l. v. First Affiliated Sec., Inc.*, 912 F.2d 1238 (10th Cir. 1990) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). In this regard, all evidence of the nonmoving party is deemed true, and all reasonable inferences are drawn in favor of the nonmoving party. *Id.* at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 114, 158-59 (1970)). "To defeat a motion for summary judgment, evidence . . . must be based on more than mere speculation, conjecture, or surmise." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. With these standards in mind, the court turns to the merits of the defendants' motion.

The defendants allege plaintiff has failed to exhaust the administrative remedies for his claims. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing

a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).

According to the DOC Offender Grievance Procedures, OP-090124, an inmate first must attempt to resolve his complaint informally by communicating with staff within three days of the incident. If that is unsuccessful, he may submit a Request to Staff (RTS) within seven calendar days of the incident. If the complaint still is not resolved, he then may file a grievance. If the grievance also does not resolve the issue, the inmate may appeal to the DOC Administrative Review Authority (ARA) or the Chief Medical Officer. The administrative process is exhausted only after all of these steps have been taken. *See* DOC Policy OP-090124 at http://www.doc.state.ok.us.

In addition, if after 30 days the inmate has not received a response, he may file a grievance to the reviewing authority with evidence of submitting the RTS or grievance to the proper staff member. The grievance may assert only the issue of the lack of response. (Dkt. 80-2 at 2).

Mark Knutson, Manager of the DOC Administrative Review Authority, states by affidavit that he has reviewed the records for plaintiff in reference to the allegation that he was injured by OSP officers in September 2008. (Dkt. 80-2 at 1). He summarizes plaintiff's relevant ARA grievance history as follows.[1]

Grievance ARA 09-527 was received on February 25, 2009. (Dkt. 80-2 at 12-13). It alleged plaintiff's January 27, 2009, RTS to OSP Warden Workman concerning an injury by a prison official had not been answered. (Dkt. 80-2 at 10-11). On February 27, 2009, ARA returned the correspondence to Warden Workman for a response. (Dkt. 80-2 at 9).

Grievance ARA 09-1065 was received on April 16, 2009, again alleging a non-response to the January 27, 2009, RTS to the warden. (Dkt. 80-2 at 16-21). On that same

---

[1] The court notes that Defendant Warden Marty Sirmons was not included as a defendant in the motion for summary judgment. As will be discussed below, however, the record shows that plaintiff's claims against Sirmons have not been exhausted.

day, ARA returned the correspondence to Workman for a response. (Dkt. 80-2 at 15).

Grievance ARA 11-983 was received on December 14, 2010. (Dkt. 80-2 at 44-48). It was returned unanswered on December 16, 2010, because of the procedural error of raising more than one issue. (Dkt. 80-2 at 43). Plaintiff had raised three issues of single celling, protective custody, and transfers. *Id.*

Grievance ARA 11-1156, concerning two alleged beatings by OSP officials, was received on January 18, 2011, and was returned unanswered on January 19, 2011, because of procedural error. (Dkt. 80-2 at 6-7). Plaintiff's repeated failure to follow the grievance procedures resulted in his grievance restriction being extended. (Dkt. 80-2 at 5).

Grievance ARA 12-260, received on August 16, 2011, concerned plaintiff's RTS to the Oklahoma Board of Corrections about his security level and inmate safety. (Dkt. 80-2 at 24-25). It was returned unanswered on August 25, 2011, because of the procedural error of raising more than one issue in the RTS. (Dkt. 80-2 at 23).

Grievance ARA 12-611, concerning a RTS that had been sent to the Oklahoma Board of Corrections, was received on October 11, 2011. (Dkt. 80-2 at 28-32). It was returned unanswered on October 18, 2011, because plaintiff was on grievance restriction and had failed to include proper documentation. (Dkt. 80-2 at 27).

After careful review, the court finds plaintiff has failed to show there is a genuine issue for trial as to whether he has exhausted his administrative remedies, and the defendants' motion for summary judgment should be granted.

**ACCORDINGLY,** Defendants Debbie Aldridge, Art Lightle, Frank Deadmon, Larry Long, Bill Quick, Jerry Price, Leslie Post, Travis Showalter, Dana Knight, Mike Suddith, Vera Roberts, Randall Workman, Terry Kennedy, and Chester Mason's motion for summary judgment (Dkt. 118) is GRANTED, and these defendants are DISMISSED WITHOUT PREJUDICE from this action for plaintiff's failure to exhaust administrative remedies for his claims against them, pursuant to 42 U.S.C. § 1997e(a). Defendant Marty Sirmons also is DISMISSED WITHOUT PREJUDICE for plaintiff's failure to exhaust administrative

4

remedies for claims against him. All remaining pending motions are DENIED AS MOOT. Defendants Justin Jones, Debbie Morton, Henniger, the Oklahoma Attorney General, and the individual members of the State Board of Corrections were dismissed on July 3, 2012, for plaintiff's failure to state a claim against them. (Dkt. 17 at 4). On March 31, 2014, Defendants W. Jones, William Ward, M. Martin, J. McEntire, M. Battles, D. Fulsom, M. Knight, Nurse Bryant, Jim Keith, Renee Watkins, Sgt. Wiseman, Darl Wilson, and Sada Jones were dismissed without prejudice for plaintiff's failure to serve them pursuant to Fed. R. Civ. P. 4(m). (Dkt. 85 at 10). Also on March 31, 2014, Defendant Debbie Boone was dismissed without prejudice for plaintiff's failure to state a claim against her, and plaintiff's motions for temporary restraining order or preliminary injunction were denied. *Id.* On March 30, 2015, Defendants Kathy Miller and Jimmy Martin were dismissed for plaintiff's failure to state a claim upon which relief can be granted.

This action is dismissed in its entirety, and this dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 29th day of September, 2015.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma